IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIAM R. JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 325-008 |
| | ) | |
| GREGORY SAMPSON, | ) | |
| | ) | |
| Respondent.[1] | ) | |

**O R D E R**

Petitioner, while incarcerated at Wheeler Correctional Facility in Alamo, Georgia, filed this petition pursuant to 28 U.S.C. § 2241[2] on January 30, 2025, but did not pay the $5.00 filing fee or move to proceed *in forma pauperis* ("IFP") as required by 28 U.S.C. § 1914. That same day, the Clerk of Court sent Petitioner a deficiency notice concerning the need for an IFP motion or payment of the filing fee. (Doc. no. 2.) On February 7, 2025, the Clerk of Court

---

[1] The Court **DIRECTS** the **CLERK**, to update the docket in accordance with the above caption to reflect the warden at Petitioner's current prison as the Respondent. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004) (explaining proper respondent in § 2241 case is warden of institution where the petitioner is confined).

[2] The Court notes Plaintiff's filing requests relief under "28 U.S.C. § 2254 and/or § 2241." (Doc. no. 1, p. 4.) However, because Petitioner claims he is not in custody pursuant to a judgment of conviction, the Court construes his petition as arising under § 2241 for purposes of transferring this action. (See id. at 1); see also United States v. Russell, 994 F.3d 1230, 1240 & n.9 (11th Cir. 2021) (recognizing Court's obligation to "look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework: and, if so, recharacterize the motion based on the substance of the filing and the relief sought" (internal citations and quotation marks omitted)). The Court leaves to the receiving jurisdiction to consider whether re-characterization warnings under Castro v. United States, 540 U.S. 375, 381-83 (2003), are warranted under the current circumstances.

docketed a notice of change of address dated January 30, 2025 – the same day his petition was filed in this Court – in which Plaintiff states he was transferred from Wheeler Correctional Facility to Macon State Prison. (Doc. no. 3.) Thereafter, Petitioner filed a motion to proceed IFP and confirmed receipt of the January 30th deficiency notice. (Doc. no. 4.)

The proper venue for 28 U.S.C. § 2241 petitions is the district of incarceration. 28 U.S.C. § 2241(d); Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991). Therefore, because Petitioner is currently incarcerated in Macon County, Georgia, the Court **ORDERS** the transfer of this action to the United States District Court for the Middle District of Georgia, Macon Division, for further consideration.[3] The Court **DIRECTS** the Clerk to immediately forward the file to that District.

SO ORDERED this 4th day of March, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] For Petitioner's information, the mailing address for the Macon Division of the Middle District of Georgia is: U.S. District Court, P.O. Box 128, Macon, GA 31202.